UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:18-cr-79 |
| ) | |
| MONTE BREWER, ) | Judge Mattice/Steger |
| also known as "HUTCH" ) | |

## REVISED PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Monte Brewer, and the defendant's attorney, Martin W. Lester, have agreed upon the following:

1. The defendant will plead guilty to the following count in the second superseding indictment:

Count 2: Conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

The punishment for this offense is as follows:

Count 2 (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

Imprisonment of not less than 5 years and not more than 40 years; Supervised Release for at least 4 years and up to Life; fine of up to $5,000,000; any lawful restitution; and a $100 Special Assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count (7) against the defendant in this

1

superseding indictment as well as all counts against the defendant in the original and (first) superseding indictments in this case.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

Count 2 (21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

a. Two or more persons agreed to violate the federal drug laws, in this case to distribute heroin;

b. The defendant knew the essential objective of the conspiracy;

c. The defendant knowingly and voluntarily involved himself in the conspiracy;

d. The conspiracy involved 100 grams or more of heroin.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) In approximately September of 2017, the Drug Enforcement Administration ("DEA"), Tennessee Bureau of Investigation ("TBI"), and the Chattanooga Police Department ("CPD") began investigation of a large-scale heroin distribution conspiracy in Chattanooga, Tennessee and Cleveland, Tennessee, which was comprised mainly of members of the Gangster Disciple ("GD") street gang as well was others. A federal T-III interception order was obtained for Kentrell Martin,

2

also known as "Trell," who was the main source of supply of heroin for the heroin conspiracy. The defendant's role in the conspiracy was to distribute heroin.

b)  Eventually, based on the aforementioned federal wiretap, law enforcement obtained multiple state T-III wire-tap authorizations for members of the heroin distribution conspiracy, including the defendant. The T-III interceptions clearly demonstrate that the defendant was a member of the conspiracy and a distributor of heroin. For example, the following is an example of a pertinent, heroin-related call between Martin ("KM") and the defendant:

KM: Hello

Defendant: Top of the mornin to ya bruh.

KM: What it do bruh?

Defendant: Man nothin uhh, they like that shit bruh

KM: That food?

Defendant: Yeah, Hell Yeah

KM: I told you they would nigga

Defendant: Hell yeah they like that shit. And I need to come holla at you though.

KM: Where you at?

Defendant: I'm at the house in Cleveland. I want some of them blue thangs.

KM: Alright

Defendant: Alright. Uhh let me call me white buddy and i'm finna come down there to you. You at home?

KM: I'm on Bonny Oaks right now.

Defendant: Alright shit, I ain't got no car so that's why I said i'm finna call my white boy and he'll go on and bring me to you.

KM: Alright just call me whenever you ready i'll be out.

3

Defendant: Okay

KM: Alright

Note: "Food" is short for "Dog Food," which is slang for heroin. The "blue thangs" are fentanyl pills.

    c) At least one cooperating witness confirms that members of the conspiracy including the defendant, Martin, and others distributed more than 100 grams of heroin during the time-period charged in Count 2 of the superseding indictment.

    d) The parties agree that the defendant was responsible for distributing more than 100 grams and less than 400 grams of heroin during the relevant time-period of the charged conspiracy.

    e) Most, if not all, of these events occurred in the Eastern District of Tennessee.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 72 months of incarceration to be followed by a 4-year term of supervised release is the

4

appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from this plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or

other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11. The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the

6

Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

14. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and

the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

5/28/19
Date

By: Christopher D. Poole
Assistant United States Attorney

5/28/19
Date

Monte Brewer
Defendant

5/28/19
Date

Martin W. Lester
Attorney for the Defendant

8