UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>MONTE BREWER, )<br>    Defendant. ) | 1:18-cr-00079-002<br><br>Judge Mattice |

**DEFENDANT'S SENTENCING MEMORANDUM
IN SUPPORT OF AGREED SENTENCE
PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)**

    The Defendant, Monte Brewer, has reached a Rule 11(c)(1)(C) agreement with the Government for a sentence of 72 months incarceration followed by four years of supervised release. This agreement is within the Defendant's advisory guidelines range. This memorandum is filed in support of that agreement.

Facts of the Case

    The facts of the offense are set forth in the Presentence Investigation Report [PSR]. As the PSR describes, Mr. Brewer participated in a multi-defendant heroin distribution conspiracy. [PSR ¶¶ 20-25]. Mr. Brewer's personal drug weight responsibility was more than 100 but less than 400 grams. [PSR ¶ 24] He accepted responsibility for his participation and entered a plea in a timely manner. [PSR ¶¶ 28, 37, 38] His advisory guidelines range is 70 to 84 months, based on a total offense level of 21 and a criminal history category of V. [PSR ¶¶ 39, 55, 80].

    Mr. Brewer was indicted on or about October 23, 2018 [PSR, ¶ 2], at which time he was in state custody on unrelated charges. He was transferred to Federal custody via writ on December 3, 2018. [PSR, p. 2]

1

Factors Supporting the Agreed Sentence

I.   18 U.S.C. §3553(a) Factors

18 U.S.C. §3553(a) requires this Court to impose a sentence "sufficient, but not greater than necessary" to comply with the legitimate goals of sentencing. Included in the relevant §3553(a) factors are "the nature and circumstances of the offense," "the history and characteristics of the defendant", "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." These factors support the imposition of the agreed sentence of 72 months in the Bureau of Prisons, followed by 4 years of supervised release.

Relevant considerations from Mr. Brewer's history, characteristics, and need for correctional treatment, as illustrated by information in the PSR, include the following:

> a. Mr. Brewer's significant history of drug addiction and need for substance abuse treatment. In addition to his self-report of extensive drug use [PSR ¶¶ 74-75], Mr. Brewer's criminal history includes a juvenile arrest for intoxication at school [PSR ¶ 61], a violation of probation in 2013 for six positive drug screens for marijuana and/or cocaine [PSR ¶¶ 44, 45], and multiple arrests for possession of controlled substances [PSR ¶¶ 43, 49, 57, 59]  The agreed sentence is long enough to allow the Bureau of Prisons to consider Mr. Brewer for RDAP, which will deliver 500 hours of substance abuse education and treatment while she is incarcerated. Mr. Brewer is requesting that he be allowed to participate in the RDAP program [PSR

¶75]. The RDAP program is the most effective manner to provide Mr. Brewer with the treatment he wants and needs.

  b. Mr. Brewer's significant mental health history, including a self-reported prior history of bipolar disorder and schizophrenia, mental health treatment as a juvenile, and confirmation from Silverdale Detention Center of his treatment for anxiety and PTSD and prescriptions for Risperdal and Elavil. The agreed sentence will allow the BOP to evaluate and treat Mr. Brewer effectively, and the suggested conditions of supervised release in the PSR will ensure that he continues to receive any necessary counseling, treatment, and medication upon release.

  c. The fact that the agreed sentence is within Mr. Brewer's advisory sentencing guidelines, thus avoiding unwarranted sentencing disparities between Mr. Brewer and other defendants with similar criminal histories found guilty of the same conduct.

  d. Mr. Brewer's full acceptance of responsibility.

### Defendant's Requests

Mr. Brewer respectfully requests that the Court include the following in his sentencing order:

1. A recommendation to the Bureau of Prisons that Mr. Brewer be permitted to participate in the RDAP program while incarcerated.
2. A recommendation to the Bureau of Prisons that Mr. Brewer receive a mental health evaluation and any treatment as required.

3. A recommendation to the Bureau of Prisons that Mr. Brewer be housed as close to Chattanooga as possible, to allow him to maintain his family ties with his parents, siblings, and children while incarcerated.

4. A finding that Mr. Brewer's sentence should be considered to begin on October 23, 2018 (the day of his indictment), so that he receives appropriate credit for the time period between his indictment and his transfer to Federal custody by writ on December 3, 2018.

5. A finding that Mr. Brewer will not be subject to the mandatory condition of supervision concerning sexual offender registration and notification [PSR ¶ 86(e)].

Conclusion

For the reasons stated above, as well as any that may be presented at the sentencing hearing or which may be evident to the Court upon review of the record, Mr. Brewer submits that the agreed sentence in this matter under Fed. R. Crim. P. 11(c)(1)(C) is sufficient, but not greater than necessary, to fulfill the Court's sentencing responsibilities under 18 U.S.C. §3553(a). Mr. Brewer therefore respectfully requests that this Court accept and approve the plea agreement.

Respectfully submitted,
MONTE BREWER
By counsel:

**/s/ Martin W. Lester**
Martin W. Lester
BPR # 31603
LESTER LAW
4513 Hixson Pike
Suite 104
Hixson, TN 37343
(423) 402-0608
martin@lesterlaw.org

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served on Assistant United States Attorney Christopher Poole and United States Probation Officer Jennifer Beamer, via CM/ECF and/or e-mail, this 1st day of October, 2019.

**/s/ Martin W. Lester**
Martin W. Lester