```
                    IN THE UNITED STATES DISTRICT COURT

                      EASTERN DISTRICT OF TENNESSEE

                            AT CHATTANOOGA
-----------------------------------------------------------
                               :
UNITED STATES OF AMERICA,      :
                               :
          Plaintiff,           :
-versus-                       :              CR-1-18-79
                               :
MONTE BREWER,                  :
                               :
          Defendant.           :
-----------------------------------------------------------
                                        Chattanooga, Tennessee
                                        October 21, 2019


         BEFORE:  THE HONORABLE HARRY S. MATTICE, JR.,
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:

         FOR THE PLAINTIFF:

         CHRISTOPHER D. POOLE,
         Assistant United States Attorney
         1110 Market Street, Suite 301
         Chattanooga, Tennessee 37402


         FOR THE DEFENDANT:

         MARTIN WAYNE LESTER, of
         Lester Law
         4513 Hixson Pike, Suite 104
         Chattanooga, Tennessee 37343



                        JUDGMENT PROCEEDINGS
```

UNITED STATES DISTRICT COURT

1           THE COURT:  Clerk call the next case.

2           THE CLERK:  United States of America versus Monte

3    Brewer.  Case No. is 1-2018-Criminal Action-79, defendant

4    number two.

5           THE COURT:  All right.  Are you Monte Brewer?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  I see you have an attorney, Mr. Lester,

8    with you in court.  Does he represent you?

9           THE DEFENDANT:  Yes.

10           THE COURT:  All right.  Who represents the

11    government?

12           MR. POOLE:  Chris Poole, Your Honor.

13           THE COURT:  Mr. Brewer, are you aware we are here

14    for your sentencing today?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Have you had an opportunity to review

17    and discuss with your attorney, Mr. Lester, the contents of

18    the presentence investigation report that's been prepared by

19    the Court's probation office?

20           THE DEFENDANT:  Yeah.

21           THE COURT:  Okay.  Mr. Lester, have you had adequate

22    opportunity to review and discuss with Mr. Brewer the contents

23    of the presentence investigation report?

24           MR. LESTER:  Yes, sir.

25           THE COURT:  All right.  Based upon that review and

UNITED STATES DISTRICT COURT

1   your discussions with Mr. Brewer, Mr. Lester, does Mr. Brewer

2   have any outstanding objections to the presentence

3   investigation report as prepared?

4           MR. LESTER:  No, sir.

5           THE COURT:  Mr. Poole, does the government have any

6   objections?

7           MR. POOLE:  No, sir.

8           THE COURT:  Then in the absence of objections, I'm

9   going to order that the presentence investigation report be

10  made a part of the record in Mr. Brewer's case.  I further

11  find that the presentence investigation report accurately

12  reflects the facts stated therein and correctly calculates the

13  advisory guidelines applicable to Mr. Brewer's case.

14          The report reflects a total offense level of 21, a

15  criminal history category of five, which results in an

16  advisory guideline range of from 70 to 87 months.

17          Do you agree with that, Mr. Lester?

18          MR. LESTER:  I do, Your Honor.

19          THE COURT:  Do you agree, Mr. Poole?

20          MR. POOLE:  Yes, sir.

21          THE COURT:  All right.  Counsel, am I correct that

22  there are no outstanding motions in the case?  I know that Mr.

23  Lester has filed a sentencing memorandum, but there are no

24  outstanding motions.  Is that accurate?

25          MR. POOLE:  That's accurate.

UNITED STATES DISTRICT COURT

1          MR. LESTER:  That's accurate, Your Honor.

2          THE COURT:  Then I need to turn my attention to the

3    matter of the plea agreement.  And, of course, my decision on

4    that depends upon whether I believe that the disposition of

5    the case as agreed to by the parties pursuant to Rule

6    11(c)(1)(C) of the Federal Rules of Criminal Procedure comport

7    with the factors to be considered in sentencing as set forth

8    at Title 18, United States Code, Section 3553(a).

9          The agreement in this case calls for a sentence of

10   72 months incarceration followed by four years of supervised

11   release.  I need -- I'm assuming that each party believes that

12   such a disposition comports with the 3553 factors.  If I'm

13   incorrect, let me know.  But based upon that assumption, I'll

14   let the attorneys explain why they believe that.

15         Mr. Lester, why don't you go first.

16         MR. LESTER:  Yes, Your Honor.

17         THE COURT:  And I've read your sentencing memorandum

18   in which you go into some, but please elaborate on that.

19         MR. LESTER:  Thank you, Your Honor.

20         This agreement does comport with the 3553 factors

21   for the reasons set forth in the sentencing memorandum,

22   specifically, it takes into account the nature and

23   characteristics of the offense, the history and

24   characteristics of Mr. Brewer personally, which we go into in

25   some length not only in the sentencing memorandum, but which

1   are described in the presentence report.

2           It provides for the need of the sentence to give him

3   needed training and care, both mental health and drug care,

4   which are described, and it avoids unwarranted sentencing

5   disparities because the agreed sentence is in fact within the

6   advisory guidelines.  So, for those reasons, we would suggest

7   to the Court that it fits the 3553 factors.

8           THE COURT:  All right.  Mr. Poole.

9           MR. POOLE:  Judge, I don't have a lot to add.  I

10  think that Mr. Lester covered it.

11          THE COURT:  Okay.  The government believes it

12  satisfies the 3553 factors?

13          MR. POOLE:  That's accurate, Judge.

14          THE COURT:  In that case, I tend to agree based upon

15  my review of this case and the particular information set

16  forth in the presentence investigation report.

17          Mr. Brewer, is there anything you want to say before

18  I impose sentence?

19          THE DEFENDANT:  Your Honor, I do.

20          THE COURT:  What's that?

21          THE DEFENDANT:  I said, yes, I do.

22          THE COURT:  Okay.  Go ahead.

23          THE DEFENDANT:  Well, really, I just want to

24  apologize to my family and my loved ones for my mistake that I

25  made --

UNITED STATES DISTRICT COURT

```
1              THE COURT:  By the way, Mr. Brewer, if you want to
2    turn and face your family while you're saying this, that's
3    perfectly all right with me.
4              THE DEFENDANT:  I just want to tell you all I
5    apologize for taking you all through this, and it's --
6              THE COURT REPORTER:  Judge, I can't hear him.
7              THE COURT:  Mr. Brewer, I tell you what.  I'm the
8    one that told you, but the court reporter has got to hear you.
9    Do you mind stepping over just a little bit so she can hear
10   you as you're facing your family?
11             THE DEFENDANT:  Yeah.
12             THE COURT:  Talk loud, please.
13             THE DEFENDANT:  Let me tell you, I apologize for
14   taking you all through this.  You've been with me every step
15   of the way.  You never gave up on me.  I done got my head
16   together and so I'm focused now.  I'm just ready to come in,
17   I'm going in the man I am and I'm coming out a better man, so
18   I love you all.  Thank you for sticking by my side.  Thank you
19   all for being here.
20             THE COURT:  Okay.  Thank you, Mr. Brewer.  All
21   right.  Are you ready for me to impose sentence?
22             THE DEFENDANT:  (Moves head up and down.)
23             THE COURT:  Okay.
24             MR. LESTER:  Your Honor, there are, as I noted in
25   the sentencing memorandum, Mr. Brewer did have several
```

UNITED STATES DISTRICT COURT

```
1    requests that he was asking the Court --

2              THE COURT:  Why don't we go over those.

3              MR. LESTER:  Yes, sir -- to include in the

4    sentencing order.  The first was a recommendation that he be

5    permitted to participate in the RDAP program.

6              THE COURT:  I will grant that request.

7              MR. LESTER:  The second is that he receive a mental

8    health evaluation.

9              THE COURT:  I'll grant that request.

10             MR. LESTER:  And the third one, Your Honor, was a

11   recommendation to the Bureau of Prisons that he be housed as

12   close to Chattanooga as possible.

13             THE COURT:  I tell you what, here's my problem with

14   that one.  I don't mind doing that, but when I -- I don't run

15   the Bureau of Prisons.  And so, when I'm recommending these

16   programs and other recommendations, here's what you're asking

17   me to do.  Tell the Bureau of Prisons, this, this, this and

18   this, and, by the way, do it here.  So, I have a problem with

19   that one, quite honestly.  Go ahead, though.  I am -- but I

20   will recommend the drug treatment program and mental health

21   evaluation.  I'm also going to recommend that he participate

22   in job and vocational training, I think that's important.

23   Okay.  What else?

24             MR. LESTER:  Your Honor, we're asking for a finding,

25   that the Court order Mr. Brewer's sentence be considered to
```

Case 1:18-cr-00079-TRM-CHS   Document 171   Filed 12/13/19   Page 7 of 15   PageID #: 788

start on the day he was indicted in this court, which is

October 23rd, 2018, so that he receives appropriate time

credit.  He was being held in state custody elsewhere on --

            THE COURT:  What if I just say the sentence is to

run -- well, I tell you, I'm not so sure that --

            MR. LESTER:  Your Honor, certainly, the Court has

the authority, and I would --

            THE COURT:  I mean, I think his sentence should be

consecutive to the state charges, if that's what you're

saying.

            MR. LESTER:  No, sir.

            THE COURT:  Okay.

            MR. LESTER:  That's certainly not what I'm saying.

I'm suggesting under guideline 5G1.3, Section (d) that the

Court has the authority to state that his sentence begins on a

specific date.  And in this case, the date he was indicted, he

was in state custody.  He was brought here by writ about six

weeks later.  And he's concerned that he's going to lose

credit for those six weeks.  And he's asking the Court to

specify that his sentence start on the day that he was

indicted, so that he doesn't lose credit for those.  I'm not

asking for this to run concurrent with the Johnson City

charge, because the Johnson City charge is not relevant

conduct, but the guidelines do indicate that the Court has the

authority to specify that a sentence begin on a particular

1    date.  And we would suggest that it would be equitable to make

2    sure that he doesn't lose credit for the time between when

3    this Court indicted him and when he was brought in on this --

4         THE COURT:  This Court didn't indict him.

5         MR. LESTER:  I'm sorry, Your Honor, when the grand

6    jury indicted him.  And he was indicted in this court and then

7    brought to this court by writ.

8         THE COURT:  What does the government say about that,

9    Mr. Poole?  This is -- I'm very concerned if we're going to go

10   there, this, I believe, has the potential to change the

11   landscape in many cases in which federal charges are brought

12   while a defendant is in state custody.  And it's almost -- it

13   makes the meeting date of the grand jury an important factor

14   in sentencing.  What's the government's position about that?

15        MR. POOLE:  We would object, Your Honor, for a

16   couple of reasons, you've kind of talked about one of them,

17   that the indictment date and the arrest date are not the same

18   thing.  And were he to receive credit for that six weeks when

19   he's in state custody before he's brought over here, he's also

20   going to get, obviously, credit in the state case for that

21   because that's what he's in custody for.  So, that would be in

22   effect running at least part of the sentence concurrent.

23        THE COURT:  I think that's the reason I was

24   inquiring as to whether that could be consecutive.  And, I

25   mean --

Case 1:18-cr-00079-TRM-CHS   Document 171   Filed 12/13/19   Page 9 of 15   PageID #: 790

```
 1              MR. POOLE:  I agree you have the power to do that,
 2   but I would object to it, Judge.  I think that once he comes
 3   into federal custody is when he was in federal custody.
 4              THE COURT:  I am going to reject that, Mr. Lester.
 5   I just -- I can't think of a principled reason to make the
 6   meeting date of the grand jury a salient factor in sentencing.
 7   I just don't see that.
 8              MR. LESTER:  Yes, sir.
 9              THE COURT:  What else?
10              MR. LESTER:  Factor five, Your Honor, was requesting
11   that the Court waive what would otherwise be the mandatory
12   condition of supervision concerning sexual offender
13   registration and treatment.  That has nothing to do with this
14   case.  Mr. Brewer understands and the probation office has
15   said that they don't plan to impose that, but since it's a
16   mandatory condition, they did not have the authority to waive
17   it either.
18              THE COURT:  Okay.  Does the government have any
19   objection to that?
20              MR. POOLE:  No objection.
21              THE COURT:  Then I will say that will not be a
22   mandatory condition in Mr. Brewer's judgment.
23              MR. LESTER:  Thank you, Your Honor.  Those were the
24   five conditions that he was asking for.
25              THE COURT:  All right.  Okay.  Based upon that,
```

1  then, are we ready to sentence?

2          MR. LESTER:  Yes, sir.

3          THE COURT:  Okay.  The Court has considered the

4  nature and circumstances of the offense, the history and

5  characteristics of the defendant, and the advisory guideline

6  range, as well as the other factors listed in Title 18, United

7  States Code, Section 3553(a).

8          Pursuant to the Sentencing Reform Act of 1984, it's

9  the judgment of the Court on Count 2 of the second superseding

10  indictment that the defendant, Monte Brewer, is hereby

11  committed to the custody of the Bureau of Prisons to be

12  imprisoned for a term of 72 months.  The sentence shall run

13  consecutive to any sentence imposed in the defendant's state

14  cases, including Hamilton County Criminal Court cases 303589,

15  300237, 302624, and 303507, and Washington County Criminal

16  Court case 44046C.

17          The Court will recommend that the defendant receive

18  500 hours of substance abuse treatment from the Bureau of

19  Prisons' Institution Residential Drug Abuse Treatment Program.

20          The Court further recommends that the defendant

21  submit to a mental health evaluation while incarcerated and

22  follow all treatment and medication recommendations.

23          Finally, the Court recommends that the defendant

24  participate in a job or vocational training while

25  incarcerated.

1        Upon release from imprisonment, the defendant shall

2    be placed on supervised release for a term of four years.

3    While on supervised release, the defendant shall not commit

4    another federal, state, or local crime.  The defendant must

5    not unlawfully possess and shall refrain from the use of a

6    controlled substance.

7        The defendant must comply with the standard

8    conditions that have been adopted by this Court in Local Rule

9    83.10, and, in particular, the defendant must not own,

10   possess, or have access to a firearm, ammunition, destructive

11   device, or any other dangerous weapon.

12       The defendant shall cooperate with the collection of

13   DNA, as directed.

14       In addition, the defendant shall comply with the

15   following special conditions:

16       Number one, that the defendant shall participate in

17   a program of testing and/or treatment for drug and/or alcohol

18   abuse, as directed by the probation officer, until such time

19   as the defendant is released from the program by the probation

20   officer.

21       Number two, the defendant shall waive all rights to

22   confidentiality regarding substance abuse treatment in order

23   to allow release of information to the supervising United

24   States probation officer and to authorize open communication

25   between the probation officer and the treatment providers.

1    Number three, the defendant shall submit his

2  property, house, residence, vehicles, papers, including

3  computers, as defined at Title 18, United States Code,

4  Section 1030(e)(1), other electronic communications or data

5  storage device or media, or office to a search conducted by a

6  United States probation officer or his or her designee.

7  Failure to submit to a search may be grounds for revocation of

8  release.  The defendant shall warn any other occupants that

9  the premises may be subject to searches pursuant to this

10  condition.  An officer may conduct a search pursuant to this

11  condition only when a reasonable suspicion exists that the

12  defendant has violated a condition of his supervision and that

13  the areas to be searched contain evidence of this violation.

14  Any search must be conducted at a reasonable time and in a

15  reasonable manner.

16    It's further ordered that the defendant shall pay to

17  the United States a special assessment of $100, pursuant to

18  Title 18, United States Code, Section 3013, which shall be due

19  immediately.

20    The Court finds that the defendant does not have the

21  ability to pay a fine, and the Court will waive the fine in

22  this case.

23    All documents sealed in this case are now ordered to

24  be unsealed with the exception of the presentence

25  investigation report unless counsel has reasons they should

1    not be.

2           Does either party have any objection to the sentence

3    just pronounced that have not previously been raised.

4           Mr. Lester?

5           MR. LESTER:  No, Your Honor.

6           THE COURT:  All right.  Mr. Poole?

7           MR. POOLE:  No, sir.

8           THE COURT:  Mr. Poole, are there counts to be

9    dismissed in this case?

10          MR. POOLE:  Yes, sir.  Move to dismiss the remaining

11   count, I believe it's Count 7 of the superseding indictment.

12          THE COURT:  I'll grant that motion.

13          Now, Mr. Brewer, you do have the legal right to

14   appeal the sentence that I've imposed here this morning.  If

15   you wish to do that, you must file what's known as a notice of

16   appeal within 14 days after the entry of the judgment in your

17   case.  The judgment is simply a formal, legal document that

18   outlines the sentence that I've imposed here today.

19          There is a fee associated with filing a notice of

20   appeal.  If you can't afford to pay that fee, you may file an

21   application for what's known as in forma pauperis, or IFP

22   status which, if granted, will have the affect of reducing or

23   eliminating that fee.

24          Your attorney, Mr. Lester, can help you with both

25   the notice of appeal and the IFP application.  If for any

UNITED STATES DISTRICT COURT

1    reason Mr. Lester doesn't help you, which I think is unlikely,

2    but if he doesn't, you can contact the Clerk of the Court and

3    the Clerk of the Court will provide you with the necessary

4    documents for both the notice of appeal and the IFP

5    application.

6              Do you understand your appeal rights?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  All right.  Anything else on behalf of

9    Mr. Brewer this morning?

10             MR. LESTER:  No, Your Honor.

11             THE COURT:  Anything from the government, Mr. Poole?

12             MR. POOLE:  No, sir.

13             THE COURT:  Good luck to you, Mr. Brewer.

14                      END OF JUDGMENT PROCEEDINGS

15

16             I, Shannan Andrews, do hereby certify that I

17   reported in machine shorthand the proceedings in the

18   above-styled cause held October 21, 2019, and that this

19   transcript is an accurate record of said proceedings.

20

21                              s/Shannan Andrews
                                Shannan Andrews
22                              Official Court Reporter

23

24

25